IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE FARM MUTUAL AUTO INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 3:22-cv-00031-JMK<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court at Docket 6 is Defendant United States of America's Motion to Dismiss for lack of subject-matter jurisdiction. Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") responded in opposition at Docket 8. Defendant replied at Docket 9. For the forthcoming reasons, Defendant's Motion is DENIED.

## I. BACKGROUND

This matter arises out of a vehicle collision which occurred on February 24, 2020.[1] State Farm's insured driver, Antoinette Edenshaw, was driving in Kotzebue, Alaska, when her vehicle was struck at an intersection by National Park Service Employee

---

[1] Docket 1 at 2.

Nicole Shepherd-Betz.[2] While Antoinette Edenshaw is a named insured on the State Farm insurance policy (the "policy"), the policyholder is Antoinette's husband, Frank Edenshaw.[3] Following the collision, State Farm paid damages under the policy to both Frank and Antoinette, which included amounts related to the replacement of the vehicle and shipping it out of Kotzebue for a damage evaluation.[4] State Farm paid $90 to Antoinette Edenshaw, $45,340.53 to Frank Edenshaw, and $19,590.11 to other entities.[5]

State Farm filed a Standard Form 95 ("SF-95") with the National Park Service's Regional Director on June 2, 2020.[6] Box 2 of the SF-95, which requires the name and address of the claimant, listed "State Farm Ins a/s/o [as subrogee of] Antoinette Edenshaw," and listed a State Farm mailing address.[7] The SF-95 also gave a brief explanation of the basis of the claim and listed a total damages sum of $56,470.64.[8] On the section of the form which asked for any insurance information, State Farm again was listed, along with a statement that "[c]arrier is presenting a claim for insured deductible and State Farm's interest."[9]

More than six months after filing the SF-95 with the National Parks Service, and without a response from the agency, State Farm brought this suit under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.* ("FTCA"). Previously, Antoinette Edenshaw

---

[2] Docket 8 at 2.
[3] *Id.*; *see also* Docket 6-1 at 2.
[4] *See* Docket 8 at n.1; Docket 6-1 at 2.
[5] Docket 6-1 at 2.
[6] Docket 6-2 at 1.
[7] *Id.*
[8] *Id.*
[9] *Id.* at 2.

*State Farm Mut. Auto. Ins. Co. v. United States*  Case No. 3:22-cv-00031-JMK
Order Denying Defendant's Motion to Dismiss  Page 2
Case 3:22-cv-00031-JMK   Document 11   Filed 02/23/23   Page 2 of 11

individually filed suit in this Court, naming both Shepherd-Betz and the United States as defendants, and her case was dismissed for failure to include any damages in her SF-95.[10] Now, State Farm seeks to recover the property damages paid out pursuant to the Edenshaws' insurance claim, along with the incidental damages it suffered in shipping costs and auction fees.[11] The United States filed a motion to dismiss for lack of jurisdiction, arguing that State Farm failed to exhaust its administrative remedies.[12]

## II. LEGAL STANDARD

Federal courts are "presumed to lack jurisdiction in a case unless the contrary affirmatively appears."[13] Defendants may challenge subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) with a facial attack, factual attack, or both. Under a facial attack, the defendant accepts plaintiff's allegations as true but asserts that they are legally insufficient to invoke jurisdiction.[14] By contrast, a factual attack challenges the truth of the allegations that otherwise would confer jurisdiction, and, in doing so, the defendant may introduce evidence outside the pleadings.[15]

---

[10] *Edenshaw v. United States*, No. 3:22-cv-00021-JMK (D. Alaska Nov. 07, 2022), Docket 18. In that case, Plaintiff conceded that she failed to exhaust administrative remedies for any personal injury claim and acknowledged that the properly presented claim for property damages lies with State Farm. Instead, Plaintiff brought suit to determine whether she had a claim against Shepard-Betz in her personal capacity.
[11] *See generally* Docket 1.
[12] *See* Docket 6.
[13] *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (quoting *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992)).
[14] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).
[15] *Id.*

*State Farm Mut. Auto. Ins. Co. v. United States*  Case No. 3:22-cv-00031-JMK
Order Denying Defendant's Motion to Dismiss  Page 3
Case 3:22-cv-00031-JMK   Document 11   Filed 02/23/23   Page 3 of 11

Here, Defendant makes a factual attack on subject-matter jurisdiction.[16] In this situation, the court no longer presumes the plaintiff's allegations to be true. Instead, "the plaintiff must support [its] jurisdictional allegations with 'competent proof' under the same evidentiary standard that governs in the summary judgment context."[17] The plaintiff must prove, by a preponderance of the evidence, that each requirement for subject-matter jurisdiction has been met.[18]

### III. DISCUSSION

"The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'"[19] Before a claimant may bring suit in federal court, however, they must exhaust their administrative remedies by first presenting the claim to the appropriate federal agency.[20]

> [A] claim shall be deemed to be presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property . . . .[21]

---

[16] *See generally* Docket 6.
[17] *Leite*, 749 F.3d at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010)).
[18] *Id.*
[19] *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)).
[20] 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied . . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial . . . .").
[21] 28 C.F.R. § 14.2(a).

*State Farm Mut. Auto. Ins. Co. v. United States*  Case No. 3:22-cv-00031-JMK
Order Denying Defendant's Motion to Dismiss  Page 4
Case 3:22-cv-00031-JMK   Document 11   Filed 02/23/23   Page 4 of 11

"The claim presentation requirement is 'designed to ensure that compensation is provided in a fair and equitable manner, not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits.'"[22]

The Government asserts that no claim was filed on behalf of Frank Edenshaw or State Farm itself because the SF-95 listed Antoinette as the subrogor.[23] Thus, it argues that State Farm failed to present an administrative claim for any damages it reimbursed to Frank rather than Antoinette.[24] State Farm counters that the SF-95 properly exhausts State Farm's administrative remedies because the principles of subrogation make State Farm the true party in interest for the damages suffered as a result of the accident.[25] It argues that the amount reimbursed to Antoinette versus Frank is irrelevant, because the claim for those damages belongs to State Farm, as reflected in the SF-95.[26]

The Court finds that State Farm properly presented a claim for damages incurred as a result of the accident. Insurers may bring suit as subrogees under the FTCA.[27] The doctrine of subrogation allows for "the substitution of one party in place of another with reference to a lawful claim, demand, or right. . . . Subrogation places the party paying the loss or claim (the 'subrogee') in the shoes of the person who suffered the loss ('the

---

[22] *Lauria v. United States*, 542 F. Supp. 3d 926, 932 (D. Alaska 2021) (quoting *Blair v. Internal Revenue Serv.*, 304 F.3d 861, 868 (9th Cir. 2002)).
[23] Docket 6 at 2–3.
[24] Docket 9 at 2 ("What State Farm seeks to do in this action, however, is act as a subrogee on behalf of Antoinette Edenshaw and recover damages incurred by Frank Edenshaw all the while, having only submitted a claim at the administrative level for damages for Antoinette Edenshaw[.]").
[25] Docket 8 at 5–9.
[26] *Id.*
[27] *United States v. Aetna Cas. & Ins. Co.*, 338 U.S. 366, 380–81 (1949).

*State Farm Mut. Auto. Ins. Co. v. United States*  Case No. 3:22-cv-00031-JMK
Order Denying Defendant's Motion to Dismiss  Page 5

Case 3:22-cv-00031-JMK   Document 11   Filed 02/23/23   Page 5 of 11

subrogor').”[28] Thus, in a claim involving the FTCA, the subrogee, as the real party in interest, may bring suit against the United States in place of the subrogor because the subrogee has reimbursed the victim of the tort on behalf of the United States.[29]

State Farm, as the insurance carrier, is subrogated to its insured driver Antoinette Edenshaw. The Parties agree that the policy allows for the subrogation of claims,[30] and the payment forms submitted by State Farm list Antoinette Edenshaw as a "Named Insured Driver" under the policy.[31] Defendant offers no authority, nor does there appear to be any, differentiating a policyholder from an "insured driver" for subrogation purposes. Because Antoinette Edenshaw was a "Named Insured Driver" under the policy, and because Parties agree that the insurance policy allowed subrogation, State Farm is a proper subrogee of Antoinette Edenshaw. Further, the principles of equitable subrogation permit State Farm's claim because it satisfied the alleged obligation of the United States toward the Edenshaws, thus taking the Edenshaw's damages onto itself.[32] Through the principles of subrogation, the damages suffered by the Edenshaws transformed into

---

[28] *In re Hamada*, 291 F.3d 645, 649 (9th Cir. 2002).
[29] See *Endurance Reinsurance Corp. of Am. v. United States*, No. 2:08-cv-02760-MCE-KJM, 2010 WL 455472, at *2 (E.D. Cal. Feb. 3, 2010) (citing *Aetna Cas. & Sur. Co.*, 338 U.S. at 380–81) ("An insurer which by operation of law has become subrogated to rights of an insured who could have brought an action against the United States under the FTCA is a real party in interest."); see also *Lexington Ins. Co. v. United States*, 465 F. Supp. 3d 1158, 1161, 1163 (W.D. Wash. 2020) (finding that insurance company may bring suit against United States for damages which insurance company paid to insured, even though only insured filed administrative claim).
[30] Docket 8 at 3; Docket 9 at 2.
[31] Docket 6-1 at 1.
[32] While contractual subrogation may arise out of an insurance policy, "[e]quitable subrogation is a legal fiction, which permits a party who satisfies another's obligation to recover from the party primarily liable for the extinguished obligation." *In re Hamada*, 291 F.3d at 649. Equitable subrogation "is enforced solely for the purpose of accomplishing the ends of substantial justice." *Id.* (quoting *Memphis & L.R.R.Co. v. Dow*, 120 U.S. 287, 302 (1887)).

*State Farm Mut. Auto. Ins. Co. v. United States*     Case No. 3:22-cv-00031-JMK
Order Denying Defendant's Motion to Dismiss     Page 6
Case 3:22-cv-00031-JMK    Document 11    Filed 02/23/23    Page 6 of 11

damages suffered by State Farm. State Farm, therefore, is bringing suit for damages which State Farm *itself* suffered.

The SF-95 filed by State Farm presented a valid claim to the agency for these damages: the SF-95 contains both a description of the incident and a sum certain in the amount of $56,470.64.[33] The sum certain, notably, is greater than the damages paid out to both Frank and Antoinette Edenshaw, as it includes the expenses incurred by State Farm in shipping vehicles to and from Kotzebue, along with the fee involved in auctioning off the damaged vehicle.[34] That the claimed damages are beyond those incurred directly by the Edenshaws further supports the finding that State Farm is the real party in interest for this claim.

The Government relies on an Eleventh Circuit case, *Turner ex. rel. Turner v. United States*,[35] but in doing so it misapplies the FTCA's claim requirement. In *Turner*, a suit was brought on behalf of a child and two parents. When the child was injured as a result of alleged malpractice by a Navy doctor, three separate SF-95s were filed: one on behalf of the child, and over one month later, one on behalf of each parent.[36] The lawsuit was brought more than six months after the child's claim was filed, but less than six months after the parents filed their claims, and thus only the child's suit was timely.[37] The court held that the child's SF-95 did not properly present the parents' claims and therefore could

---

[33] Docket 6-2 at 1.
[34] Docket 8 at 2.
[35] *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (citing *Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006)) ("The FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government.").
[36] *Id*. at 1197–98.
[37] *Id*. at 1200.

*State Farm Mut. Auto. Ins. Co. v. United States*　　　　　　　　　　　　　　　　Case No. 3:22-cv-00031-JMK
Order Denying Defendant's Motion to Dismiss　　　　　　　　　　　　　　　　　　　　Page 7
Case 3:22-cv-00031-JMK　　Document 11　　Filed 02/23/23　　Page 7 of 11

not exhaust their administrative remedies.[38] The court highlighted that the damages sought by the child's SF-95, if understood to include both the child and the parents' claims, would directly contradict the damages sought by the parents' SF-95s and render the "sum certain" requirement meaningless.[39] And, notably, the parents represented to the Navy that they filed three distinct claims. Because the parents' type of claims and sum certain damages were not included on the child's SF-95, the parents' administrative remedies were not exhausted.[40]

The holding of *Turner* is inapposite to the posture of this case. Unlike in *Turner*, here, there is only one claim for damages as a result of Shepard-Betz's alleged negligence. Assuming *Turner* stands for the proposition that "[t]he FTCA requires that *each* claim and *each* claimant" exhaust its administrative remedies,[41] State Farm has met that requirement by presenting an SF-95 to the agency with a sum certain for the value of its claim. Further, even if the agency interpreted the SF-95 to be filed on behalf of Antoinette Edenshaw (rather than State Farm itself), State Farm's administrative remedies still would have been exhausted because their claims are identical.[42]

---

[38] *Id.* at 1201–02.
[39] *Id.* at 1202.
[40] *Id.* (finding that parents' loss of consortium claims were distinct from child's negligence claim and SF-95 form did not provide adequate notice of parents' claims).
[41] *Id.*
[42] *See Lexington Ins. Co. v. United States*, 465 F. Supp. 3d 1158, 1161–63 (W.D. Wash. 2020) (finding that an administrative claim filed by an insured exhausted the remedies for the insurer where the claims were the same); *Ecology Recycling Servs., LLC v. Engineering/remediation Res. Grp., Inc.*, No. ED CV 19-0278 FMO, 2020 WL 7094073, at *6 (C.D. Cal. Sept. 25, 2020) (finding that one company's SF-95 exhausted the remedies of a related entity because only one reimbursement of money was sought); *Holloway v. United States*, No. 2:12-cv-02120-MCE-CKD, 2014 WL 1747467, at *4 (E.D. Cal. Apr. 29, 2014) (holding that

*State Farm Mut. Auto. Ins. Co. v. United States*  Case No. 3:22-cv-00031-JMK
Order Denying Defendant's Motion to Dismiss  Page 8

Case 3:22-cv-00031-JMK   Document 11   Filed 02/23/23   Page 8 of 11

Last, an SF-95 may exhaust the administrative remedies of other parties by providing adequate information to give the government notice of the parties and claims.[43] This reasoning comports with the purpose of the FTCA's exhaustion requirement, which is designed, in part, to "ease court congestion and avoid unnecessary litigation, while making it possible for the government to expedite the fair settlement of tort claims brought against it."[44] For example, the Southern District of California found that, despite an SF-95 containing neither a full list of claimants nor even a sum of damages, the documents and title reports attached to the SF-95 were sufficient to put the Government on notice of the identity of the claimants and the amount of damages sought.[45] Indeed, the court in *Turner* also would have permitted all three claims to go forward, had the child's SF-95 form provided adequate notice of the parents' claims.[46]

Here, the SF-95 put the Government on more than adequate notice of State Farm's claim. "State Farm" appears in the SF-95 a total of six times, along with the sum

---

insurer's administrative remedies were not exhausted when the beneficiary of a workers compensation policy filed an administrative claim, but neither insurer nor insured filed claim).

[43] See *Alford on Behalf of Golden Chariot Mine v. United States*, No. 05CV2346 JAH, 2006 WL 8455343, at *3 (S.D. Cal. Nov. 30, 2006) (finding that a single SF-95 with title report attachments exhausted the remedies not only of the filer, but of all part owners of the damaged property); *Estate of Vinberg through Vinberg v. United States*, No.3:22-cv-0135-HRH, 2022 WL 11753090, at *4 (D. Alaska Oct. 20, 2022) (finding that estate's remedies were exhausted when decedent's wife filed SF-95 and defendant previously had sought clarification on wife's authority to bring claim on behalf of estate.).

[44] *Estate of Burkhart v. United States*, No. C 07-5467 PJH, 2008 WL 4067429, at *4 (N.D. Cal. Aug. 26, 2008) (citing *Shipek v. United States*, 752 F.2d 1352, 1354 (9th Cir. 1985)).

[45] *Alford*, 2006 WL 8455343, at *3–4.

[46] *Turner*, 514 F.3d at 1201 (citing *Campbell v. United States*, 795 F. Supp. 1118, 1121–22 (N.D. Ga. 1990)) ("Multiple claimants may submit one form containing all claims, and provide an aggregate sum certain for all of the claims . . . .").

*State Farm Mut. Auto. Ins. Co. v. United States*  Case No. 3:22-cv-00031-JMK
Order Denying Defendant's Motion to Dismiss  Page 9

Case 3:22-cv-00031-JMK   Document 11   Filed 02/23/23   Page 9 of 11

certain which State Farm expects to recover.[47] The SF-95 states that State Farm "is presenting a claim for insured deductible and State Farm's interest."[48] While the Government argues that it would have been more proper for State Farm to list only itself as the claimant, without reference to Antoinette Edenshaw, this does not devest the Court of jurisdiction. Had the SF-95 listed only "State Farm," rather than "State Farm a/s/o Antoinette Edenshaw," it is unlikely that the Government would have made different decisions regarding the investigation of the claim or its potential settlement.[49] Further, referencing Antoinette Edenshaw on the SF-95 arguably gave the Government *more* notice of the claim, as it was Antoinette who suffered the collision. Precluding State Farm from bringing suit despite the Government's clear notice of its claim would treat the exhaustion requirement as a "regulatory checklist" rather than a means of "expedit[ing] the fair settlement of tort claims[.]"[50]

## IV. CONCLUSION

Because State Farm presented a proper claim to the National Parks Service by filing an SF-95 "as subrogee of Antoinette Edenshaw," State Farm exhausted its administrative remedies, and this Court has jurisdiction over the claim. For the above reasons, the Government's motion is **DENIED**.

---

[47] *See generally* Docket 6-2.
[48] *Id*. at 2.
[49] *Id*. at 1.
[50] *Blair v. Internal Revenue Serv.*, 304 F.3d 861, 868 (9th Cir. 2002) (citing *Shipek v. United States*, 752 F.2d 1352, 1354 (9th Cir. 1985)).

*State Farm Mut. Auto. Ins. Co. v. United States*  Case No. 3:22-cv-00031-JMK
Order Denying Defendant's Motion to Dismiss  Page 10
Case 3:22-cv-00031-JMK   Document 11   Filed 02/23/23   Page 10 of 11

IT IS SO ORDERED this 23rd day of February, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*State Farm Mut. Auto. Ins. Co. v. United States*  Case No. 3:22-cv-00031-JMK
Order Denying Defendant's Motion to Dismiss  Page 11
Case 3:22-cv-00031-JMK   Document 11   Filed 02/23/23   Page 11 of 11